OPINION
{¶ 1} Appellant, Algernon Toole, appeals the judgment of the Willoughby Municipal Court overruling his motion to dismiss a disposition order regarding $42,200 in cash held by the Willoughby Hills Police Department. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On September 15, 2004, Willoughby Hills police stopped a 2005 Ford Taurus, traveling westbound on Interstate 90. The Taurus was operated by Toole, of Rochester, New York. Eric Maldonado, also of Rochester, was a passenger in the vehicle. The vehicle was registered to Budget Rent A Car and leased by "Mariano Merpeden." Police seized the vehicle and took it to the Willoughby Hills police station where it was searched pursuant to warrant.
 {¶ 3} In the ensuring search, police found $7,960 on the person of Toole and $5,000 on the person of Maldonado. According to a Property/Evidence Inventory Sheet, police also found $55,300 in the trunk of the vehicle.[1] The police also recovered clothing and other miscellaneous items from the vehicle. The police returned the clothing and other items to Toole and Maldonado on the same day as their seizure, September 15, 2004.
 {¶ 4} At some point thereafter, Toole's attorney contacted the Willoughby Hills Police Department to demand the return of the $7,960 taken from Toole's person.
 {¶ 5} On October 2 and 9, 2004, Willoughby Hills published the following notice in The News-Herald newspaper: "Pursuant to Ohio Revised Code § 2933.41 (B) notice is hereby given that the Willoughby Hills Police Department * * * has in its possession miscellaneous properties and monies, which may belong to persons residing in and/or traveling through Northeast Ohio. Said property may be claimed by scheduling an appointment * * * and providing sufficient proof of ownership * * *."
 {¶ 6} On October 20, 2004, Willoughby Hills filed a motion in municipal court "for an order of disposal of evidence and or [sic] abandoned property held by the Willoughby Hills Police Department." Attached to the motion was the affidavit of Willoughby Hills Chief of Police, Christopher J. Collins. Collins stated the police department was in possession of "certain property/evidence that has been lost, abandoned, stolen, or lawfully seized and forfeited." The following items were identified by affidavit: "WHPD 04-019233 Maldonado $5,000.00 U.S. Currency" and "WHPD 040-19233 Unknown $42,200.00 U.S. Currency." Collins further stated that "a reasonable effort to locate
persons entitled to lost, abandoned and stolen property * * * has failed to locate the owners of same."
 {¶ 7} The municipal court granted Willoughby Hills' motion the same day.
 {¶ 8} On November 1, 2004, Toole filed a Motion for Expedited Release of Seized Property, regarding the money seized on September 15, 2004.
 {¶ 9} On December 14, 2004, Maldonado moved to intervene and asserted a claim for the $5,000 recovered from his person.
 {¶ 10} On December 16, 2004, the municipal court set the matter for hearing on January 5, 2005, and ordered the parties to prepare a stipulation of agreed facts and to submit hearing briefs. Neither party complied with the court's order to prepare a stipulation of facts and to submit briefs.
 {¶ 11} At the January 5, 2004 hearing, the parties outlined their positions before the court. Counsel for Toole argued that the court's October 20, 2004 order disposing of the money held by the Willoughby Hills police must be dismissed "for failure of the City to provide notice pursuant to ORC § 2933.43 prior to the forfeiture of funds and thereby denying movants due process." The law director for Willoughby Hills argued "the matter is not a forfeiture but rather involves unclaimed funds pursuant to ORC2933.41 and that its notice was proper." The court ordered both parties to submit briefs by January 10, 2005, whereupon the court would "determine whether the matter can be decided upon the prior arguments and Briefs or if a further hearing is required."
 {¶ 12} The court rendered its judgment on March 24, 2005, without further hearing. The court held that R.C. 2933.41 was the appropriate statute to govern the disposition of the money at issue. The court then held that Willoughby Hills' notice by publication was insufficient as to the $5,000 claimed by Maldonado and amended its prior order to allow Maldonado thirty days to come forward with proof of ownership of the $5,000. However, the court held that the $42,200 claimed by Toole "was properly noticed by publication," as the ownership of these funds was "unknown." From this judgment, Toole timely appeals.
 {¶ 13} Toole raises the following assignments of error on appeal:
 {¶ 14} "[1.] The trial court erred by failing to grant defense's motion to dismiss by ruling that the City of Willoughby Hills did not have to provide any service, whether personal or via certified mail.
 {¶ 15} "[2.] The trial court erred by failing to grant defense's motion to dismiss by ruling the City of Willoughby Hills provided the proper published notice.
 {¶ 16} "[3.] The trial court erred by failing to grant defense's motion to dismiss by ruling the City of Willoughby Hills made reasonably diligent inquiries into the ownership of the seized property."
 {¶ 17} All three of Toole's assignments of error are premised on Willoughby Hill's failure to comply with the notice requirements in R.C. 2933.43(C), governing the seizure and forfeiture of contraband.[2] Willoughby Hills and the court below treated this matter as a proceeding under R.C. 2933.41. Therefore, for any of Toole's assignments of error to have merit, we must determine whether the disposition of the $42,200 is governed by R.C. 2933.43.
 {¶ 18} On its face, R.C. 2933.43 governs the seizure and forfeiture of property as "contraband." Generally speaking, contraband is "[p]roperty that in and of itself is unlawful for a person to acquire or possess" or "property * * * that has been determined * * * to be contraband because of its use in an unlawful activity or manner." R.C. 2901.01(A)(13)(a) and (b);State v. Casalicchio (1991), 58 Ohio St.3d 178, 180. Before property is subject to forfeiture as contraband, however, there must be an underlying felony conviction. R.C. 2933.43(C);Casalicchio, 58 Ohio St.3d at 182. In contrast, R.C. 2933.41(A) governs the disposition of property "that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited."
 {¶ 19} In the present case, there is nothing in the record to suggest that Toole or Maldonado were charged or convicted of any activity that would render the money found in the trunk of the car "contraband." Although the money was seized pursuant to a search warrant for "any and all controlled substances * * * and/or contraband common used in the possession of narcotics," no controlled substances were found in the vehicle and no charges were brought based on the items found in the vehicle. State v.Jones, 8th Dist. No. 83852, 2004-Ohio-4479, at ¶ 4 ("[t]o prove that money is contraband and * * * subject to forfeiture, `the state must demonstrate that * * * the defendant used [the money] in the commission of a criminal offense'") (citation omitted). Accordingly, the money seized by the Willoughby Hills police constitutes "property seized pursuant to a search warrant" rather than contraband. Our analysis shall proceed under R.C. 2933.41.
 {¶ 20} Under R.C. 2933.41, "[a] law enforcement agency that has property in its possession that is required to be disposed of * * * shall make a reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time. In the absence of evidence identifying persons entitled to possession, it is sufficient notice to advertise in a newspaper of general circulation in the county, briefly describing the nature of the property in custody and inviting persons to view and establish their right to it." R.C. 2933.41(B).
 {¶ 21} "Although R.C. 2933.41 is not a forfeiture statute," it must be construed "strictly, keeping in mind the principle that forfeitures are not favored in law or equity." State v.Lolliock (1982), 70 Ohio St.2d 23, 25. As a civil matter, the law enforcement agency has the burden of proving its entitlement to the property by a preponderance of the evidence. ChagrinFalls v. Loveman (1986), 34 Ohio App.3d 212, 216. Judgments supported by competent, credible evidence will not be reversed by a reviewing court. In re Disposition of Property Being Held byGeauga Cty. Sheriff (1998), 129 Ohio App.3d 676, 681.
 {¶ 22} The issue before this court is whether Willoughby Hills' notice by publication of its intent to dispose of the $42,200 complied with the requirements of R.C. 2933.41. We hold that it did.
 {¶ 23} Willoughby Hills argues that the $42,200 recovered from the trunk of Toole's vehicle constitutes "unclaimed funds" and that, therefore, notice by publication was proper. Willoughby Hills notes that Toole was operating a rental vehicle which was leased in another person's name and which Toole had no authorization to be operating. There is no evidence in the record that Toole had any connection with the $42,200, unlike the other monies recovered by police from persons of Toole and Maldonado.
 {¶ 24} Willoughby Hills also notes that Toole never came forward to claim the money. On the day of the seizure, Willoughby Hills police had Toole sign two forms. The first was a Property/Evidence Inventory Sheet listing the $7,960 taken from Toole's person. The second was a Property/Evidence Release Form listing Toole's personal items, such as his wallet, cellular phones, jewelry and clothes. Toole testified by deposition that he voluntarily signed both forms. Toole also testified that he intentionally, on advice of counsel, remained quiet about the $42,200 in which he now claims an interest. According to Toole, a Willoughby Hills police officer went over the Property/Evidence Release Form with him prior to his signing it and "asked [him] to identify in detail all of [his] items." Willoughby Hills cites to authority that when a person denies ownership of property, the law enforcement agency is not required to notify them of its intent to dispose of the property. See State v. Davidson (Jan. 11, 1985), 6th Dist. No. WD-84-58, 1985 Ohio App. LEXIS 5395, at *3-*4; see, also, Eastlake v. Lorenzo (11th Dist. 1992),82 Ohio App.3d 740, 743-744.
 {¶ 25} In light of Toole's own conduct in failing to assert any claim or interest in the money when given the opportunity, Willoughby Hills was not required to notify him of its intention to dispose of the money. Pursuant to R.C. 2929.41(B), notice was properly issued by publication in the News-Herald.
 {¶ 26} For the foregoing reasons, Toole's assignments of error are without merit. The decision of the Willoughby Municipal Court, overruling Toole's motion to dismiss its disposition of $42,200 in cash held by the Willoughby Hills Police Department, is affirmed.
William M. O'Neill, J., concurs, Donald R. Ford, P.J., concurs with a Concurring Opinion.
[1] The actual value of the money recovered from the trunk is variously given in the record as ranging from $42,000 to $55,000. The judgment appealed from describes the amount of the money as being $42,200. Unless stating the value of the money as provided in a specific document, we shall refer to the money at issue as being in the amount of $42,200. We do so for the sake of consistency, and do not propose to resolve any inconsistency that may exist in the record regarding the actual value of the money.
[2] Specifically, Toole alleges that Willoughby Hills failed to give notice "by personal service or by certified mail"; that Willoughby Hills failed to publish notice "at least four weeks before the hearing"; that the published notice failed to "describe the property seized" and "the date and place of seizure"; and that Willoughby Hills failed to "make or cause to made reasonably diligent inquiries for the purpose of determining, any person having an ownership * * * interest in the property." RC. 2933.43(C).