OPINION
{¶ 1} Appellant, Learning Development and Advocacy of Lake County, Inc., appeals the judgment entered by the Lake County Court of Common Pleas. The trial court granted a petition filed by appellee, the state of Ohio, ex rel. Conrad A. Straube, Chief of Police, Willoughby Police Department, for the forfeiture of the real property located at 37415 Euclid Avenue.
 {¶ 2} Appellant is a non-profit, charitable organization, which provided funding for adults and children with learning disabilities. One method appellant used to raise funds was hosting bingo nights at its property at 37415 Euclid Avenue in Willoughby, Ohio. Appellant had a valid bingo license issued by the Ohio Attorney General.
 {¶ 3} Members of appellant's board of trustees engaged in a practice of buying instant bingo tickets with cash, known as buying the tickets "off the books." Such transactions were not reported to the Attorney General. The proceeds from the sale of the "off the books" tickets were used to pay volunteers working the bingo nights. The "volunteers" usually received about $50 per night.
 {¶ 4} During the relevant times of this matter, Richard McClain served as Executive Director of appellant. He was personally involved in the purchase of the "off the books" bingo tickets and the distribution of cash to the volunteers.
 {¶ 5} As a result of the activity that occurred on appellant's property, McClain was charged with a twenty-one count indictment. McClain pled guilty to one count of money laundering and one count of attempted engaging in a pattern of corrupt activity, both third-degree felonies.
 {¶ 6} In October 2003, appellee initiated the instant proceedings by filing a petition for the forfeiture and disposition of seized contraband and real property located at 37415 Euclid Avenue. While this case was pending, the trial court authorized a sale of the premises for $550,000. After expenses, including the mortgage, were paid, the net proceeds of the sale were $234,387.55. The trial court ordered the net proceeds be placed in an interest-bearing escrow account pending the resolution of this matter.
 {¶ 7} The trial court conducted a hearing on the merits of appellee's petition for forfeiture. Thereafter, the trial court granted the petition for forfeiture.
 {¶ 8} Appellant raises the following assignment of error:
 {¶ 9} "The trial court erred in ordering the forfeiture of [appellant's] $234,387.55."
 {¶ 10} Appellee sought forfeiture of the premises pursuant to R.C. 2933.41, 2933.42, and 2933.43. The trial court cited all of these statutory sections when it granted the forfeiture.
 {¶ 11} We note that these statutory sections are not transposable. "R.C. 2933.43 governs the seizure and forfeiture of property as `contraband.'"[1] "In contrast, R.C. 2933.41(A) governs the disposition of property `that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited.'"[2]
 {¶ 12} Initially, we will review the trial court's decision under R.C. 2933.42 and 2933.43.
 {¶ 13} The Supreme Court of Ohio has observed that forfeiture of R.C. 2933.42(B) contraband, under the parameters of R.C.2933.43, requires a felony conviction.[3]
 {¶ 14} The trial court found that the appellant corporation had not been charged with or convicted of a felony. However, the trial court concluded that McClain's felony convictions could be attributed to appellant due to the doctrines of respondeat superior and ratification. We note that all of the cases cited by the trial court in support of its position are general tort cases.[4] None of them are forfeiture cases under R.C.2933.43.[5] We decline to adopt the trial court's extension of vicarious liability to forfeiture cases under R.C. 2933.42 and2933.43.
 {¶ 15} The legislature has enacted R.C. 2901.23, which concerns organizational criminal liability. Appellant, as a non-profit corporation, would be subject to this statute.[6] This statute provides, in part:
 {¶ 16} "(A) An organization may be convicted of an offense under any of the following circumstances:
 {¶ 17} "* * *
 {¶ 18} "(4) If, acting with the kind of culpability otherwise required of the commission of the offense, its commission was authorized, requested, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting in behalf of the organization and within the scope of his office or employment."[7]
 {¶ 19} If appellee sought to take property from appellant, it should have charged appellant with a felony offense as provided in R.C. 2901.23. However, as the trial court noted, appellant was not charged with, nor convicted of, any felony offense. Therefore, appellant may not be subjected to the forfeiture provisions of R.C. 2933.42 and 2933.43.[8]
 {¶ 20} The trial court erred by finding that appellant's property was subject to forfeiture under R.C. 2933.42 and2933.43.
 {¶ 21} We will now address the trial court's analysis under R.C. 2933.41.
 {¶ 22} The Supreme Court of Ohio has held:
 {¶ 23} "Although R.C. 2933.41 is not a forfeiture statute, deprivation of defendant's right to possession of his vehicle is as onerous as if the state had declared a forfeiture. This court must construe R.C. 2933.41 strictly, keeping in mind the principle that forfeitures are not favored in law or equity."[9] Further, the court held "a proceeding under R.C. 2933.41 is criminal in nature, but civil in form, and is governed by the Rules of Civil Procedure."[10]
 {¶ 24} In its judgment entry, the trial court found that appellant's property was contraband. Since the trial court found the premises to be contraband, it erred in applying R.C. 2933.41
to this matter.[11] R.C. 2933.41 does not apply to "contraband that is subject to the provisions of section 2913.34
or 2933.43 of the Revised Code[.]"[12]
 {¶ 25} In conclusion, appellant's property was not subject to disposition under R.C. 2933.41, nor was it subject to forfeiture under R.C. 2933.43.
 {¶ 26} In addition, appellant argues the forfeiture of its property was excessive. Although we have concluded that the trial court erred by granting appellee's petition for forfeiture, we briefly address this issue.
 {¶ 27} The Excessive Fine Clauses of the Ohio and United States Constitutions apply to forfeiture proceedings.[13]
The Ninth Appellate District has adopted the following proportionality test to determine whether a specific forfeiture is excessive: "`the harshness of the forfeiture * * *; (2) the relationship between the property and the offense * * *; and (3) the role and degree of culpability of the owner * * *.'"[14]
 {¶ 28} We believe a stricter standard must be applied when determining whether a forfeiture from a non-profit organization is excessive. In these circumstances, the forfeiture does not penalize the wrong-doers; instead, it penalizes the innocent beneficiaries. Thus, the "harshness" of the forfeiture must be examined in terms of the intended recipient no longer receiving the charitable dollars.
 {¶ 29} In its judgment entry, the trial court states:
 {¶ 30} "[Appellant] is out of business and can perform no further eleemosynary mission, except to donate the net proceeds of the sale of the Premises to some other charity. Forfeiture of the net proceeds from the sale of the Premises would not adversely affect the community, because (1) the recipient of the forfeited property is the law enforcement community, (2) [appellant] has not performed any charitable work since 2003, (3) no one is now dependant upon it, and (4) no one is expecting any funds from it. [Appellant] has no other assets and is poised for winding up its affairs and dissolution, if this has not already occurred. * * *." (Footnote omitted.)
 {¶ 31} Essentially, the trial court held that no one will miss the $234,000 and the money will still be benefiting the community because it is going to law enforcement.
 {¶ 32} Collectively, members of the community donated substantial amounts of money to appellant. Whether the amount of the donation was $10 or $1,000, the donors expected their donations to go to appellant's designated purpose, which was helping people with learning disabilities. Certain board members and "volunteers" stole money from appellant, through their actions in the bingo scheme. This resulted in less money ultimately reaching the people it was intended for. Now, through this forfeiture action, the trial court seized over $234,000 from appellant. Like the stolen money in the bingo scheme, this money will not reach the individuals it was intended for. As a result, the donors' contributions will not be used to help people with learning disabilities.
 {¶ 33} We believe the trial court's forfeiture award was excessive. As a non-profit organization, appellant was entrusted with substantial sums of money to help people in need. In this matter, forcing the forfeiture of this money, which could still be used to help the intended beneficiaries, is excessive under the circumstances.
 {¶ 34} Appellant's assignment of error has merit.
 {¶ 35} The judgment of the trial court is reversed. This matter is remanded to the trial court for the trial court to vacate its judgment entry granting the forfeiture of appellant's property.
 {¶ 36} In its judgment entry, the trial court mentioned that it was notified that appellant was contemplating dissolution. On remand, the trial court is instructed to ensure the status of appellant as a registered non-profit corporation, with the Ohio Secretary of State, prior to ordering the release of appellant's funds from the escrow account. If appellant is registered and in good standing, the trial court shall return the funds to appellant. If not, we believe this is an appropriate instance for the trial court to invoke the doctrine of cy pres. The doctrine of cy pres allows a court to "`substitute another charitableobject which is believed to approach the original purpose asclosely as possible,'" when the original charity can no longer fulfill the donor's charitable intent.[15] Thus, if appellant cannot fulfill its original charitable purpose, the trial court is to select another charitable organization, in the Lake County area, whose purpose is helping persons with learning disabilities.
Donald R. Ford, P.J., Colleen Mary O'Toole, J., concur.
[1] In re Disposition of Evidence Held by Willoughby HillsPolice Dept., 11th Dist. Nos. 2005-L-058 and 2005-L-059,2006-Ohio-2647, at ¶ 18.
[2] Id.
[3] State v. Casalicchio (1991), 58 Ohio St.3d 178, 182.
[4] Blaser v. BW-3 (May 19, 1999), 9th Dist. No. 98CA007054, 1999 Ohio App. LEXIS 2268; Davis v. May Dept. Stores Co. (Sept. 26, 2001), 9th Dist. No. 20396, 2001 Ohio App. LEXIS 4321;Fulwiler v. Schneider (1995), 104 Ohio App.3d 398; Callen v.Internatl. Bhd. of Teamsters, Local 100 (2001),144 Ohio App.3d 575.
[5] Id.
[6] R.C. 2901.23(D). See, also, State v. Black on Black Crime,Inc. (2000), 136 Ohio App.3d 436, 444.
[7] R.C. 2901.23(A)(4).
[8] State v. Casalicchio, 58 Ohio St.3d at 182.
[9] (Citations omitted.) State v. Lilliock (1982),70 Ohio St.2d 23, 25.
[10] Id.
[11] In re 730 Chickens (1991), 75 Ohio App.3d 476, 486.
[12] R.C. 2933.41(A).
[13] State v. Hill (1994), 70 Ohio St.3d 25, syllabus.
[14] State v. Harold (1996), 109 Ohio App.3d 87, 93, quotingUnited States v. Milbrand (C.A.2, 1995), 58 F.3d 841, 847-848.
[15] (Emphasis added by Supreme Court of Ohio.) Daloia v.Franciscan Health Sys. of Cent. Ohio, Inc. (1997),79 Ohio St.3d 98, 106, quoting Bogert, Trusts Trustees (2 Ed.Rev. 1991) 95-96, Section 431.