[Cite as *Briskey v. KAF Properties*, 2019-Ohio-4563.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| RICHARD A. BRISKEY, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, J. |
| -vs- | : | | |
| | : | | |
| KAF PROPERTIES LLC, | : | | Case No. 19 CAE 07 0042 |
| | : | | |
| Defendant - Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County
Court of Common Pleas, Case No.
17 CVH 100661

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        November 4, 2019

APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

DAVE LACKEY        PATRICK H. BOGGS
Sybert, Rhoad, Lackey & Swisher, LLC        JOHN P. MILLER
153 S. LIberty St.        Onda, LaBuhn, Rankin & Boggs Co., LPA
Powell, Ohio 43065        35 North Fourth Street, Suite 100
Columbus, Ohio 43215-2511

*Baldwin, J.*

{¶1}   Appellant, Richard A. Briskey, appeals the decision of the Delaware County Court of Common Pleas denying his motion for summary judgment and granting Appellee KAF Properties, LLC's motion for summary judgment.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Gregory Filbrun and his company, AHV Construction, LLC defaulted on a loan made to them by Appellant, Richard A. Briskey.  Mr. Filbrun filed for bankruptcy protection, so Appellant attempted to collect the debt from Appellee, relying upon Gregory Filbrun's signature on a cognovit note, purportedly signing on behalf of Appellee. Kathleen Filbrun, wife of Greg Filbrun and owner of KAF Properties objected, claiming that Greg Filbrun had no authority to sign on behalf of her company.  Appellant argued that Mr. Filbrun was authorized as an agent to bind KAF, but the trial court disagreed and found that the Appellee was entitled to summary judgment.

{¶3}   AHV Construction, LLC, Gregory Filbrun's company was suffering financial distress.  Appellant had the resources to provide a loan and attorney Brian Duncan was a mutual acquaintance of both parties who was aware of financial status of the parties. While the details are not clear, Attorney Duncan did concede that he was part of the reason that Appellant and Gregory Filbrun began discussing a loan from Appellant to AHV Construction, LLC.

{¶4}   Appellant and Mr. Filbrun reached an agreement regarding the terms of a loan and reported the same to Attorney Duncan, and he drafted a cognovit note for $132, 000.00 dated January 24, 2017.  The terms of this note and the following two notes were negotiated by Appellant and Mr. Filbrun and then relayed to Attorney Duncan for drafting.

**{¶5}** Mr. Filbrun failed to make timely payments on the January 24, 2017 note, and he and Appellant negotiated a second cognovit note in the amount of $242,500.00, dated July 5, 2017. Mr. Filbrun again defaulted and a third note was issued in the amount of $255,000.00, dated August 29, 2017. The parties agreed that the final note replaced the first two notes and represented the total amount of principal and interest on the date of the execution of the note.

**{¶6}** The second and third notes included a signature line captioned KAF Properties, LLC, Gregory A. Filbrun, Authorized Representative. In his deposition, Attorney Duncan contended this addition was negotiated between the parties to the note and was incorporated at their request. Mr. Filbrun stated in an affidavit that Attorney Duncan included it without consulting with him. Regardless of who was responsible, Mr. Filbrun signed the notes in the space reserved for the authorized representative of Appellee, KAF Properties, LLC.

**{¶7}** The note was not paid in a timely fashion and Appellant filed a complaint and entry confessing judgment on the note and began foreclosure on real estate held by Appellee. Kathleen Filbrun, principal of Appellee and the sole member of its parent company, F-Holdings, LLC first received notice of Appellee's purported involvement as a borrower on the cognovit note and its inclusion in the judgment when she received notice of the complaint. Appellee sought and was granted relief from judgment, based upon its contention that Gregory Filbrun was not an authorized agent and Appellee did not receive any consideration for the loan or the note.

**{¶8}** Appellee filed a motion for summary judgment repeating the same argument that it presented in its motion for relief from judgment. Appellee contended that it had no

knowledge of the transactions and had not authorized Gregory Filbrun to sign on its behalf. Further, Appellee contended that it had done nothing that could reasonably be interpreted as granting Mr. Filbrun apparent agency to bind it. Finally, it contended that it had not received any consideration for the loan and thus the note did not create a binding contract.

{¶9} Appellant responded that Mr. Filbrun did have apparent authority to bind the company based upon his actions in litigation. Mr. Filbrun appeared at an environmental court hearing regarding problems with a property titled to Appellee and signed a pleading allegedly on behalf of Appellee. Appellee's principal, Kathleen Filbrun, was aware of the litigation and her husband's appearance, but believed he was investigating what repairs were to be completed on the property. She was not notified of any settlement and did not authorize him to bind the company.

{¶10} Appellant included his affidavit with his motion for summary judgment stating:

I no reason(sic) to doubt whether Greg had the authority to sign Note 2 and Note 3 on behalf of KAF. I relied upon the fact that those notes were prepared by an attorney (Brian Duncan) who purported to represent the makers on those notes, as well as Greg's signatures purporting to be an authorized agent for AHV and KAF.

{¶11} The trial court found that Appellee was entitled to summary judgment because there were no material questions of fact remaining to be resolved and the single legal issue, whether Gregory A. Filbrun had authority to execute the notes on behalf of Appellee, must be decided in favor of Appellee. Appellant dismissed the claims against

AHV and Gregory A. Filbrun that were not decided by the motion for summary judgment and filed a timely notice of appeal with four assignments of error:

{¶12} "I. THE TRIAL COURT ERRED WHEN IT HELD THAT GREG FILBRUN LACKED EXPRESS OR ACTUAL AUTHORITY TO EXECUTE PROMISSORY NOTES ON BEHALF OF KAF."

{¶13} "II. THE TRIAL COURT ERRED WHEN IT HELD THAT GREG FILBRUN LACKED APPARENT AUTHORITY TO EXECUTE PROMISSORY NOTES ON BEHALF OF KAF."

{¶14} "III. THE TRIAL COURT ERRED WHEN IT HELD THAT KAF COULD NOT BE HELD LIABLE UNDER THE PROMISSORY NOTES UNDER THEORIES OF WAIVER AND EQUITABLE ESTOPPEL."

{¶15} "IV. THE TRIAL COURT ERRED WHEN IT HELD THAT KAF COULD NOT BE HELD LIABLE UNDER THE PROMISSORY NOTES AS AN ACCOMMODATION PARTY BECAUSE IT RECEIVED NO CONSIDERATION."

## STANDARD OF REVIEW

{¶16} We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) as cited in *State v. Standen*, 9th Dist., 173 Ohio App.3d 324, 2007-Ohio-5477, 878 N.E.2d 657, ¶ 7. "Thus, viewing the pleadings in the light most favorable to the [appellant], we must determine whether [appellee] was entitled to judgment as a matter of law." Civ.R.

56(C). *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 6 (2012). Accordingly, we apply the same standard as the trial court and court of appeals in this case. *771 *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24 (2002). "* * * we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.,* 8th Dist., 2012-Ohio-3451, 977 N.E.2d 122, ¶ 13.

## ANALYSIS

{¶17} This case is before us on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), Determination and Judgment on Appeal, provides in relevant part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶18} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶19} This appeal shall be considered in accordance with the aforementioned rules.

{¶20} Appellant has listed four assignment of error, but resolution of each assignment is dependent on the determination of whether Gregory Filbrun was an agent of Appellee and therefore we will focus on that issue.

**{¶21}** Appellant asserts Gregory Filbrun was an express agent of Appellee acting with apparent authority. The creation of an agency relationship may be express or implied. "The relationship of principal and agent, and the resultant liability of the principal for the acts of the agent, may be created by the express grant of authority by the principal. Absent express agency, the relation may be one of implied or apparent agency." *Master Consolidated Corp. v. BancOhio Natl. Bank,* 61 Ohio St.3d 570, 574, 575 N.E.2d 817 (1991). Apparent agency exists "where one who is assuming to act as an agent for a party in the making of a contract but in fact has no actual authority to do so, such party will nonetheless be bound by the contract 'if such party has by his words or conduct, reasonably interpreted, caused the other party to the contract to believe that the one assuming to act as agent had the necessary authority to make the contract.'" *Scott v. Kindred Transitional Care & Rehab.*, 8th Dist. Cuyahoga No. 103256, 2016–Ohio–495 ¶13 quoting *Master Consolidated*, 61 Ohio St.3d at 576, 575 N.E.2d 817 quoting *Miller v. Wick Bldg. Co.,* 154 Ohio St. 93, 93 N.E.2d 467 (1950).

**{¶22}** For a principal to be bound by the acts of his agent under the theory of apparent authority, evidence must affirmatively show the existence of an express agency relationship and : (1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of those facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority. *Master Consolidated Corp.*, *supra* at syllabus. The burden of proving that apparent authority exists rests upon the party asserting the agency.

*Scott supra* at ¶ *15* quoting *Irving Leasing Corp. v. M & H Tire Co.,* 16 Ohio App.3d 191, 475 N.E.2d 127 (2nd Dist.1984).

**{¶23}** The Appellant has not presented evidence that supports the existence of an express grant of authority by Appellee to Gregory Filbrun. We have reviewed the record before us and find insufficient evidence to establish an express agency relationship between Appellee and Gregory Filbrun and, therefore, we hold that the record contains no evidence of apparent authority.

**{¶24}** Appellant describes past litigation and offered copies of pleadings in support of his contention that an agency relationship arose from the actions of Appellee. We have reviewed the record and the litigation cited by Appellant and, whether reviewed individually or considered collectively, these facts do not support a conclusion that Gregory Filbrun was an agent of Appellee for the purpose of executing the cognovit notes that are the subject of this litigation.

**{¶25}** Appellant suggests that the filing of a notice of a bankruptcy filing by Gregory Filbrun in *Deutsche Bank National Trust Company v. Carolyn Filbrun, et al.*, Montgomery County Common Pleas 2007 CV 09793 should be construed as evidence of an agency relationship, but the pleading offered by Appellant lists Gregory Filbrun as a defendant in that matter. Neither Mrs. Filbrun nor Appellant provide any context regarding the nature of that litigation or the purpose of the attached filing. We will not speculate regarding the circumstances regarding that pleading.

**{¶26}** Appellant refers to an allegation in a complaint filed on Gregory Filbrun's behalf that states that Appellee was a holding company created by Mr. Filbrun and interprets that statement as an admission by Appellee that Appellant was an owner of the

company. We cannot stretch the language of that allegation to mean anything more than what is alleged--that Mr. Filbrun claims that he allegedly created Appellee.  Ownership and control of Appellee is not addressed.

{¶27}  Appellant offers a copy of an answer filed in a lawsuit against Appellant, Kathleen Filbrun and Appellee, and argues that because only Mr. Filbrun signed the document, he was acting on behalf of Appellee and Mrs. Filbrun.  That pleading expressly lists all three defendants as acting pro se, and there is nothing in the document indicating that Mr. Filbrun was acting on behalf of Appellee, refuting any argument that Appellant was acting on behalf of any of the parties.

{¶28}  Appellant points to another action filed in Franklin County's Environmental Court involving Appellee's property.  Mrs. Filbrun retained counsel to represent Appellee and, though she was aware that Mr. Filbrun was attending hearings, she assumed his role was only to discover the nature of the complaint and make repairs.  In that case, the City of Columbus asked to have Mr. Filbrun joined as a party because he "may claim an interest in the real estate which is the subject matter of this action" and further alleged that Mr. Filbrun was "an owner/occupant and/or interested party in this case pursuant to Columbus City Code Section 4703.01(E)(5) and (6) by virtue of being an agent and/or manager and /or having care and control of the property." The trial court in that case granted the motion without any finding regarding Appellant's status.  We cannot draw any conclusion regarding the status of Mr. Filbrun from the allegations, though Mrs. Filbrun did admit that Mr. Filbrun did "handywork" on the property, suggesting that he was seen by the City of Columbus as a person who held himself " out to be in charge, care or control of the premises as evidenced by performing maintenance or repairs on the premises ***"

Columbus City Code 4703.01(E)(6). The record provided does not contain sufficient explanation of the facts of the environment court action to rely on the allegations of the City as evidence of an express grant of authority by Appellee to Mr. Filbrun.

**{¶29}** Appellant contends that "At some point, Greg and/or Katie decided to hire attorney Brian Duncan ("Attorney Duncan") to represent KAF. (See Katie tr. p. 29, lines 11-19 and Duncan tr. page 15, line 13 through page 16, line 1)." (Appellant's Brief, p. 9) However, Mrs. Filbrun (Katie) denied that she knew Attorney Duncan and instead referenced an attorney who she only remembered as "Andy" who she believed may have worked at the same firm. She never spoke to Attorney Duncan regarding this litigation. Attorney Duncan was hired by Gregory Filbrun (Duncan Deposition, p. 8, lines 12-17) and he did not represent that Gregory Filbrun was an agent of KAF, though he assumed that was true. (Duncan Deposition, p. 84, lines 9-11; p. 94 lines 1-4). The fact that Mr. Filbrun appeared at hearings, hired Attorney Duncan and the litigation involved both Mr. Filbrun and Appellee does not support the existence of an express grant of authority by Appellee to Mr. Filbrun.

**{¶30}** The fact that legal bills for representation of KAF may have been paid by Mr. Filbrun's company also falls short of demonstrating an express agency.

**{¶31}** Because Appellant did not demonstrate Gregory Filbrun was an agent of Appellee as a result of express grant of authority by Appellee, we need not consider Appellant's argument that Mr. Filbrun had apparent authority to bind KAF to the obligation in the cognovit note. We noted in *Globalcor Assoc. v. Law Office of Robert Soles*, 5th Dist. Stark No. 2018CA00090, 2019-Ohio-2208, ¶¶ 57-58, "that [a]pparent authority" and "apparent agency" are sometimes referred to interchangeably but are in fact two different

theories. "Apparent agency is a distinct concept from apparent authority; while the first works to create an agency relationship between two parties, the second expands the authority of an actual agent, and thus, apparent authority is relevant only if actual agency has already been established." To establish liability premised upon apparent authority, evidence of a principal/agent relationship is a prerequisite. Mr. Filbrun and Appellee did not have a principal/agent relationship when Appellant executed the cognovit notes. Thus, the doctrine of "apparent authority" is inapplicable.

{¶32} Appellant's reliance on the holding of *Master Consol. Corp. v. Bancohio Natl. Bank,* 61 Ohio St.3d 570, 570, 575 N.E.2d 817, (1991) is misplaced as that case is dealing with an established relationship of principal and agent and the question was whether the agent had the authority to act. That express agency relationship does not exist in this case, so further analysis of apparent authority is unnecessary.

{¶33} If we were to consider whether the facts support an apparent agency, we would come to the same conclusion. "To establish liability premised upon apparent agency, a plaintiff must show that (1) the defendant made representations leading the plaintiff to reasonably believe that the wrongdoer was operating as an agent under the defendant's authority, and (2) the plaintiff was thereby induced to rely upon the ostensible agency relationship to his detriment. See *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 26 O.O. 161, 49 N.E.2d 925, paragraph four of the syllabus. *Shaffer v. Maier,* 68 Ohio St.3d 416, 1994-Ohio-134, 627 N.E.2d 986 (1994). Appellant did not provide evidence that he relied upon representations of the Appellee. Instead, within his affidavit he states:

I no reason (sic) to doubt whether Greg had the authority to sign Note 2 and Note 3 on behalf of KAF. I relied upon the fact that those notes were prepared by an attorney (Brian Duncan) who purported to represent the makers on those notes, as well as Greg's signatures purporting to be an authorized agent for AHV and KAF.

{¶34} All of the Appellant's argument regarding the allegation that Gregory Filbrun was an agent as a result of his involvement in litigation is made moot by this statement, as Appellant did not rely on this information to conclude that Mr. Filbrun had authority to sign the note nor did he rely on any representations or actions of Appellee.

{¶35} We find that there were no material issues of fact that remained to be resolved and, even construing the evidence most strongly to favor the Appellant, the trial court did not err in finding that no agency relationship was created authorizing Mr. Filbrun to execute notes on behalf of Appellee and that Appellee was entitled to judgment as a matter of law.

{¶36} The Appellant's first and second assignments of error are denied.

{¶37} Appellant's third and fourth assignments of error, that the "trial court erred when it held that KAF could not be held liable under the promissory notes under theories of waiver and equitable estoppel" and that "KAF could not be held liable under the promissory notes under theories of waiver and equitable estoppel" are rendered moot by our denial of the first two assignments of error.  As Gregory Filbrun did not have any authority to bind the Appellee to pay the notes, we need not decide whether it waived any defense, was bound by equitable estoppel or signed as an accommodation party.

{¶38} Appellant's third and fourth assignments of error are denied and the decision of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.