**The STATE of Ohio, Appellant,**

v.

**STANDEN, Appellee.**

[Cite as *State v. Standen,* 173 Ohio App.3d 324, 2007-Ohio-5477.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 07CA009123.

Decided Oct. 15, 2007.

─────────

8. (C.P.1963), 92 Ohio Law Abs. 212, 28 O.O.2d 125, 194 N.E.2d 469.

Dennis Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellant.

Susan Cruzado Burge, for appellee.

REECE, Judge.

{¶ 1} Appellant, the state of Ohio, appeals from the decision of the Lorain County Court of Common Pleas. We affirm.

I

{¶ 2} In March 2004, appellee Jerry Standen's bar, Timmy's Tavern, was the subject of an investigation regarding illegal gambling. The establishment was searched pursuant to a warrant issued to the Ohio Department of Public Safety and the Lorain County Drug Task Force. During the search, a safe was discovered and opened. The safe contained approximately $46,485, which was seized by authorities.

{¶ 3} On May 26, 2005, appellee was indicted on one count of illegal bingo, in violation of R.C. 2915.07(A), a felony of the fourth degree; one count of operating a gambling house, in violation of R.C. 2915.03(A)(1), a misdemeanor of the first degree; and one count of gambling, in violation of R.C. 2915.02(A)(2), a misdemeanor of the first degree.

{¶ 4} On July 22, 2005, appellee filed a motion to unseal the search-warrant affidavit and for the return of property. On October 19, 2005, a hearing was held regarding the motion, at which the trial court ordered that the state photocopy appellee's business records and return the original records to appellee. The court also mandated that the state deposit $15,000 of the seized funds into an interest-bearing account with a federally insured lending institution. Further, the court ordered that the state return $31,819 of the seized funds to appellee.

{¶ 5} On October 24, 2005, the state filed a notice of appeal. This court reversed the trial court's decision ordering the release of $31,819, finding the decision to be contrary to law. The state filed a petition for forfeiture of the currency under R.C. 2933.43 and a motion seeking disposal of the currency under R.C. 2933.41. On July 19, 2006, appellee pleaded guilty to the charges in the indictment. A hearing on the state's request for forfeiture of the seized currency was held on November 9, 2006. At the start of the hearing, the state dismissed the petition for forfeiture under R.C. 2933.43, stating that it could not prove that the currency was contraband, as defined under R.C. 2901.01. The state elected to proceed under R.C. 2933.41, arguing that the currency was used in the commission of a criminal offense. On February 7, 2007, appellee was sentenced to three years of community control. At that time, the trial court denied the state's request for forfeiture of the currency under R.C. 2933.41. The state timely appealed this decision, raising one assignment of error for our review.

II

## ASSIGNMENT OF ERROR

The trial court abused its discretion when it denied appellant's motion for disposal of property pursuant to R.C. 2933.41.

{¶ 6} The state contends that the trial court abused its discretion when it denied its motion for disposal of property pursuant to R.C. 2933.41. We do not agree.

{¶ 7} We are mindful that an appellant's assignment of error provides a roadmap for the court and directs this court's analysis of the trial court's judgment. See App.R. 16(A). Appellant's assignment of error directs this court to consider whether the trial court abused its discretion when it applied R.C. 2933.41.[1] However, an appellate court considers an appeal from a trial court's interpretation and application of a statute de novo. *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 8} R.C. 2933.41 provided:

(A)(1) Any property, other than contraband that is subject to the provisions of section 2913.34 or 2933.43 of the Revised Code, * * * that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section.

{¶ 9} In the instant case, the state brought its petition for forfeiture under both R.C. 2933.41 and 2933.43. However, at the hearing, the state dropped its petition with regard to R.C. 2933.43 and stated that because it could not prove that the money was contraband, as necessary for R.C. 2933.43, it elected to proceed under R.C. 2933.41. "This catch-all provision provides a general procedure to follow when disposing of lost, abandoned, stolen or seized property and when a more specific section of the code is not applicable." *State v. Williams* (July 14, 1993), 9th Dist. No. 2772, 1993 WL 261573, at *1. In the instant case, the applicable specific statute "would be R.C. 2933.43, which provides for forfeiture of contraband used in the commission of a felony." Id. "Contraband" is defined as any property, in and of itself illegal to possess, or property determined to be contraband based on its connection to a criminal offense. R.C. 2901.01(A)(13). Mere possession of money is not unlawful. *State v. Roberts* (1995), 102 Ohio App.3d 514, 657 N.E.2d 547. Thus, the money is not contraband per se. *State v. Loza–Gonzalez*, 6th Dist. No. L–06–1151, 2007-Ohio-1044, 2007 WL 707516, at ¶ 12. Further, the burden is on the state to show that the money had any connection to the underlying criminal offense. Id. at ¶ 13, citing *State v.*

---

1. This section was repealed, effective July 1, 2007. However, we will use the statute that was in effect at the time of the action.

*Ali* (1997), 119 Ohio App.3d 766, 770, 696 N.E.2d 285. Because the state could not prove the relationship between the money and the underlying felony convictions and, therefore, could not prove it was contraband, the use of the more general, catch-all provisions of R.C. 2933.41 was proper.

{¶ 10} R.C. 2933.41(B) provided for the return of confiscated evidence to a person who demonstrates that he or she has the right to possession. " 'Although R.C. 2933.41 is not a forfeiture statute, deprivation of defendant's right to possession of his [property] is as onerous as if the state had declared a forfeiture. This court must construe R.C. 2933.41 strictly, keeping in mind the principle that forfeitures are not favored in law or equity.' " *State ex rel. Straube v. Bldg. & Real Property Located at 37415 Euclid Ave.*, 11th Dist. No. 2005–L–186, 2006-Ohio-4667, 2006 WL 2589805, at ¶ 23, quoting *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 434 N.E.2d 723. Here, the state specifically argues that appellee does not have a right to possession of the money. Further, the state contends that if he did have a right to possession, he lost that right because the money was used in an "attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense." R.C. 2933.41(C)(1). We do not agree.

## Possession

{¶ 11} Possession refers to the control of property " 'for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, either held personally or by another who exercises it in one's place and name.' " *State v. Owens* (Mar. 28, 2000), 4th Dist. No. 99CA34, 2000 WL 334170, at *4, quoting *Chagrin Falls v. Loveman* (1986), 34 Ohio App.3d 212, 216, 517 N.E.2d 1005. Appellee clearly has a possessory interest in the money at issue. The state contends that appellee did not make a proper claim for possession of the currency because he did not file an additional claim for the return of the currency after we initially disposed of the case on appeal. This argument is without merit. To this issue, the trial court noted that appellee had filed a motion for return of property and "defended the State's appeal of this Court's earlier grant of the First Motion for Release of Funds. This Court determines that [appellee] has established his interest in the currency." We agree.

{¶ 12} On July 22, 2005, appellee filed a "Motion to Unseal Affidavit for Search Warrant and for Return of Property." Specifically, this motion requested the return of all cash removed from the safe of Timmy's Tavern, amounting to $46,485. His motion further states that the currency was neither the proceeds of, nor used to conduct, unlawful activity. As the trial court correctly stated, appellee defended the state's appeal of the trial court's disposition of this motion, thus further declaring his right to possession. Accordingly, we find that the

evidence supports a conclusion that appellee was entitled to possession of the currency.

{¶ 13} Further, we find that the facts presented at the hearing support a conclusion that appellee had a right to possession. As the trial court pointed out,

[T]he evidence presented at the Hearing established that [appellee] managed the tavern in question for many years, that the tavern was owned by his mother who was being cared for at a nursing home, that [appellee] had provided access to the currency to law enforcement representatives at the time of its seizure by opening the safe in which it was located, and no other person or entity has made a claim for the currency.

{¶ 14} Due to these facts, the trial court determined that appellee had made a proper claim for possession. A review of the record supports this conclusion.

### Loss of the right of possession

{¶ 15} "Having concluded that [appellee] demonstrated a possessory right to the property, the analysis turns to whether R.C. 2933.41(C) should apply to deny [him] return of that property." *In re Disposition of Property Held by Geauga Cty. Sheriff* (1998), 129 Ohio App.3d 676, 682, 718 N.E.2d 990, citing *Eastlake v. Lorenzo* (1992), 82 Ohio App.3d 740, 744, 613 N.E.2d 247. According to R.C. 2933.41(C), one loses the right to possession if the state can show that the property was used in the "attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense." R.C. 2933.41(C). Appellant argues that appellee lost possession of the currency because the evidence at the forfeiture hearing established that the currency was used in connection with an offense, specifically that of money laundering. We find no merit in this contention.

{¶ 16} "Courts have consistently held that arguments which are not raised below may not be considered for the first time on appeal." *State v. Schwarz*, 9th Dist. No. 02CA0042–M, 2003-Ohio-1294, 2003 WL 1240128, at ¶ 14, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 279, 617 N.E.2d 1075. In the instant case, no specific mention of money laundering was made in the state's application for disposition of the currency or in its memorandum in support of disposition filed after the hearing. Rather, the state argued that appellee could not prove that he had a right to possession. The state does note that "[t]he State would just have to show more likely than not that the seized currency is likely used for an unlawful purpose." However, this is simply a reiteration of the statute. Our review of the record shows that the state argued in its memorandum in support of disposition that the money was "either gambling money, co-mingled bar proceeds/gambling money because gambling money had been used to pay bar utilities or liquor expenses, or

the currency was money he had hidden from his wife and the divorce court during [appellee's] nasty divorce." The state then argued that the evidence showed that the money was money appellee was hiding from his wife during their divorce. We find that this does not amount to an argument that appellee was specifically engaged in money laundering. Without stating the offense or the elements of the offense it is alluding to and supporting that claim with the facts of the case, we find that this one-sentence statement does not preserve the argument for appeal. Instead, as it points out in its brief, the state argued "non specifically that the currency was ill gotten gains." As we explained above, the state's reference to co-mingling of bar and gambling funds does not put either appellee or the trial court on notice of a possible argument of money laundering. Because the state failed to raise this argument below, we decline to consider it. *Schwarz*, supra. For these reasons, the state's assignment of error is overruled.

### III

{¶ 17} The state's sole assignment of error is overruled, and the decision of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

CARR, P.J., and DICKINSON, J., concur.

REECE, J., retired, of the Ninth District Court of Appeals, sitting by assignment.