[Cite as *Perini v. Hillman*, 2021-Ohio-20.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CARRIE PERINI, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| HOWARD HILLMAN, ET AL., | : | Case No. 20 CAE 03 0019 |
| | : | |
| Defendants- Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Delaware County
                                 Court of Common Pleas, Case No.
                                 18 CVH 110638


JUDGMENT:                        REVERSED AND REMANDED


DATE OF JUDGMENT:                January 8, 2021


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee Howard Hillman


JASON H. BEEHLER                        GREGORY D. RANKIN
Kegler Brown Hill + Ritter LPA          ERIC S. BRAVO
65 East State Street, Suite 1800        LANE ALTON
Columbus, Ohio 43215-4294               2 Minanova Place, Suite 220
                                        Columbus, Ohio 43215-7052

                                        For Defendant-Appellee
                                        Tscapes Outdoor Solutions

                                        MICHAEL L. MORGAN
                                        Law Offices of Jerry S. Eisenberg
                                        P.O. Box 36538
                                        Canton, Ohio 44735

*Delaney, J.*

{¶1}   Plaintiff-Appellant Carrie Perini appeals the decision of the Delaware County Court of Common Pleas granting summary judgment to Defendants-Appellees Howard Hillman and Tscapes Outdoor Solutions.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Perini and Hillman reside on adjacent rural properties, with Perini's property to the north and west of Hillman's property. Perini's north/south driveway runs along the property line. In the 1990s, Perini planted over 70 white pine trees along the east side of the driveway to act as a screen between her property and the neighboring property where Hillman took up residence in 2016. Perini's neighbor to the west, George Resonivich, also planted similar pine trees on the other side of the shared driveway to create a symmetrical look.

{¶3}   In June 2018, Hillman hired Tscapes Outdoor Solutions to perform some landscaping tasks on his property including the removal of branches from approximately 60 pine trees that are the subject of this case. Tscapes removed several branches from the trees, though Hillman and Tscapes contest the details of the instructions provided and who was ultimately responsible for the number of branches removed. We need not resolve that issue in the context of this appeal.

{¶4}   Perini states she was away when the trees were trimmed and that she was devastated to see that approximately 800 branches had been removed from around the base of over sixty trees, removing the visual screen between her residence and Hillman's. This resulted in the canopy of the trees being raised four to six feet from the ground. The branches will not grow back. While some of the branches were dead as claimed by Appellees, Perini claims that many of the branches were obviously alive and submitted

photographs to the trial court in support of her contention. Perini contacted two landscape architects for estimates to restore the visual screen between the properties and discussed a possible resolution of the matter with Hillman. The parties were unable to come to an agreement and Perini filed a complaint.

{¶5}  Perini's complaint alleged that Appellees "violated R.C. 901.51 by intentionally and recklessly cutting down, destroying, and otherwise injuring the trees that were standing or growing on Plaintiffs' property." In the alternative, Perini claimed that the Appellees negligently cut trees and trespassed on her property. She asked for "damages in excess of $15,000 for the damage to their property, the loss of the peaceful and quiet enjoyment of their property, and the diminution in value of their property" (Complaint, Paragraphs 26-27). Hillman filed an answer and counterclaim as well as a crossclaim against Tscapes. Tscapes filed an answer to the complaint, an answer to Hillman's crossclaim, and a crossclaim against Hillman. Hillman filed an answer to Tscapes crossclaim, closing the pleadings.

{¶6}  At the close of the pleadings, the trial court issued a scheduling order on March 28, 2019. The order contained a provision captioned "Disclosure of Expert Witnesses" which is the source of the report requirement that culminated in the grant of summary judgment.

{¶7}  Perini did not provide any reports from her experts, so that portion of the Scheduling Order was not fulfilled. On August 23, 2019 Hillman moved to exclude the Perini's named experts citing the failure to comply with the Scheduling Order, specifically the failure to provide reports. Perini responded in a memorandum contra filed on September 9, 2019 claiming that she had "complied in all relevant aspects with the Court's Scheduling Order." (Plaintiffs' Memorandum In Opposition to Defendant Hillman's Motion

To Exclude Plaintiffs' Expert Witness(es), Sep. 9, 2019, p. 1 Docket No. 22). She did not deny that she did not provide reports as required by the scheduling order, but explained that none were provided "because no such reports exist." *Id.* Perini conceded that "[t]he testimony of arborists and landscapers -- if it can even be deemed true expert testimony -- may be necessary to explain the options to ameliorate the damages Plaintiffs suffered" and but stated that "this is not the typical expert engagement, which is why no reports have been produced." *Id.* at 2.

{¶8}    Hillman filed a Reply and, on September 19, 2019, the trial court granted the motion to exclude Perini's expert witnesses. The trial court concluded:

> There may be circumstances in which an expert report is unnecessary. However, that conclusion only should be reached by this Court after consideration of a timely and well-supported motion for an exemption from the Scheduling Order's requirement. As matters stand, Plaintiffs have not provided expert reports in compliance with the Scheduling Order and Defendant is correct that these experts' opinions are properly excluded.

(Judgment Entry Granting Defendant's Motion To Exclude Plaintiffs' Expert Witnesses Sep. 18, 2019, Docket No. 24,  p 4).

{¶9}    Hillman and Tscapes filed separate motions for summary judgment on October 11, 2019 listing several bases for the motion, but for purposes of this appeal we limit our review to the Appellees' assertion that summary judgment was appropriate because Perini could not prove damages without expert testimony and, because the trial court excluded Perini's expert witnesses, the complaint must be dismissed.

{¶10}  Perini responded to the motions for summary judgment by arguing she did not need expert testimony to prove damages, citing to our decision in *Telle v. Pasley,* 5th Dist. Delaware No. 12 CAE 08 0048, 2013-Ohio-2407, ¶ 34 and by expressly stating "Plaintiffs are not required by Ohio law to seek damages based on diminution in value, and that is not what they are seeking." (Appellant's Memorandum Contra Hillman Motion for Summary Judgment, Nov. 7, 2019, Docket No. 35, p.11). Perini argued that *Telle* supported her plan to rely on the introduction of estimates to restore and repair the property. Perini also referred to the decision in *Reynolds v. Bauer,* 2nd Dist. Montgomery No. 21179, 2006-Ohio-2912, to support her contention that expert testimony was not needed to prove restoration costs.

{¶11}  The trial court rejected Perini's arguments and granted summary judgment holding that Perini was obligated to present expert testimony to prove damages. The court rejected Perini's reliance on our decision in *Telle* noting "the plaintiffs [in *Telle*] actually presented testimony and cost estimates from tree experts during the trial" and that "[t]he issue in *Telle v. Pasley* was not whether expert testimony was needed but, rather, whether the measure of damages was the restoration costs or the diminution of the property's value as a result of the tree cutting." (Judgment Entry Ruling On Defendants' Summary Judgment Motions, Jan, 30, 2020, Docket No. 39, p. 8).

{¶12}  The trial court also relied upon the decision in *Denoyer v. Lamb,* 22 Ohio App.3d 136, 490 N.E.2d 615 (1st Dist.1984), to hold that "[a] landowner may recover the costs of reasonable restoration of his property to its preexisting condition or to a condition as close as reasonably feasible, without requiring grossly disproportionate expenditures and with allowance for the natural processes of regeneration within a reasonable period of time"  and that  "an expert would have the requisite knowledge to estimate restoration

costs," but Perini had been barred from submitting expert testimony for her failure to comply with the court's scheduling order. *Id.* at pp. 8-9. The trial court concluded that Perini's evidence did not support a damage award and therefore, Hillman and Tscapes were entitled to judgment as a matter of law.

{¶13}  It is from that judgment Perini now appeals.

## ASSIGNMENTS OF ERROR

{¶14}  Perini raises two assignments of error:

{¶15}  "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES ON THE GROUNDS THAT CARRIE PERINI COULD NOT PRESENT EXPERT TESTIMONY.

{¶16}  "II. THE TRIAL COURT ERRED IN EXCLUDING CARRIE PERINI'S PROFFERED EXPERTS BECAUSE PERINI'S EXPERT DISCLOSURE DID NOT INCLUDE ANY WRITTEN REPORTS."

## ANALYSIS

### I. Summary Judgment

{¶17}  Perini asserts in her first assignment of error that the trial court erred by granting the motion for summary judgment because she could not present expert testimony. Her argument is that "Ohio law makes clear that Perini does not need an expert witness to prove her damages in this case." (Appellant's Brief, p. 12). Based upon the record before us, we do not believe an expert is necessary to establish restoration costs in this case.

{¶18}  With regard to the first assignment of error, we review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. A de

novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) as quoted in *State v. Standen*, 173 Ohio App.3d 324, 2007-Ohio-5477, 878 N.E.2d 657, ¶ 7. "Thus, viewing the pleadings in the light most favorable to the [appellant], we must determine whether [appellee] was entitled to judgment as a matter of law." Civ.R. 56(C). *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 6. "We afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.*, 8th Dist. Cuyahoga No. 97514, 2012-Ohio-3451, ¶ 13.

{¶19}   Perini claims our decision in *Telle, supra* supports her conclusion that expert testimony is unnecessary to prove restoration damages in the context of this case. She relies upon our finding in *Telle* that the parties "presented evidenced that they obtained an estimate" to support their claim for damages. *Telle* involved similar facts involving a pine tree branch cutting in a residential setting. In *Telle,* however, the need to present expert testimony to prove damages was not at issue, though we did note that both parties "presented expert testimony as to the value of the trees before the cutting."  *Id.* at ¶ 34. The discussion regarding expert testimony in *Telle* occurred in regard to *diminution of property value* as a result of the tree cutting or restoration costs, not to the issue of restoration of costs themselves.  We agree expert testimony may be necessary to prove diminution of value damages, however, we have not found nor did the parties or trial court cite Ohio case law, which holds as matter of law that restoration damages in these types of cases must be determined solely be expert testimony.

{¶20}  Perini presents a claim for restoration of the screen provided by the trees she planted at the boundary of her property. In this context, "the measure of damage is the cost of *reasonable* restoration of property to the pre-existing condition or to a condition as close as *reasonably* feasible without requiring grossly disproportionate expenditures and with allowance for the natural processes of regeneration within a *reasonable* period of time. (Emphasis added.) *Telle, supra* at ¶ 31, quoting *Denoyer v. Lamb,* 22 Ohio App.3d 136, 490 N.E.2d 615, 616 (1st Dist.1984).

{¶21}  Perini properly presented Civ. R. 56 evidence, via affidavits, demonstrating three restoration cost estimates from two landscaping businesses: Keny/Blackford and Hidden Creek, as follows:

Keny/Blackford Proposal No. 1: Removal of 24 white pine trees, 24 stumps and repair lawn damage: $23,500, plus re-planting of 24 white pine trees (approximately 6 to 8 feet tall), near original planting, for additional $6,800.

Keny/Blackford Addendum Proposal No. 1: a one-year watering, fertilizing, and tree staking plan for new trees, for additional $6,510.

Keny/Blackford Proposal No. 2: Planting 48 Norway Spruce Tree in 6 groups of 8 each to re-establish a natural screen in between the existing mature white pines where lower foliage was removed: $24,000

Hidden Creek Proposal No. 3:  Removal of 24 White Pine trees and installation of unspecified 6-foot evergreens: $68,240

Hidden Creek Addendum to No. 3: a one-year watering and mulching plan for new trees: $42,623

{¶22}  In reviewing the evidence most favorably to the non-moving party, we find the type of restoration damages in the case sub judice can be determined from the

ordinary knowledge and experience of laypersons. "Evid.R. 702 permits expert testimony where the subject matter is outside the realm of a layperson's common knowledge or experience. Ohio law does not require expert testimony on all issues of cost-to-repair damages." *Evans Landscaping, Inc. v. Stenger*, 2011-Ohio-6033, 969 N.E.2d 1264, ¶ 24 (1st Dist.). Pine trees of these varieties are extremely commonplace in landscaping projects and the lands throughout Ohio. Tree planting, water, fertilizing, and other tree maintenance like mulching are also activities that most adults, particularly homeowners, typically engaged in.

{¶23} Although litigation over improper tree cutting may necessitate expert testimony depending on the damages sought, such as timber value for commercial purposes, valuation of cut trees particularly of an ornamental or rare species suitable for an arboretum, or if damages are sought for diminution in property value. However, this is not case before us. A landscaper's testimony about the replacing run-of-the-mill trees would not, as a matter of law, require the use of expert testimony. The jury is capable of determining the reasonableness of cost and necessity of the proposed restoration project in their role as trier-of-fact.

{¶24} The first assignment of error is sustained.

## II. Expert Reports

{¶25} Based upon our disposition of the first assignment of error, the second assignment of error is rendered moot.

**CONCLUSION**

{¶26}   Perini's first assignment of error is sustained and the decision of the Delaware County Court of Common Pleas granting summary judgment is reversed. This matter is remanded for further proceedings consistent with this opinion.

By:  Delaney, J. and

Hoffman, P.J. concur; and

Baldwin, J. dissents.

*Baldwin, J., dissenting*

**{¶27}** I must respectfully dissent from the majority's conclusions that " [a] landscaper's testimony about the replacing run-of-the-mill trees would not, as a matter of law, require the use of expert testimony" and that "[t]he jury is capable of determining the reasonableness of cost and necessity of the proposed restoration project in their role as trier-of-fact."

**{¶28}** The landscapers who will testify in this case are the experts who were named by the appellant and excluded by the trial court. At the trial court level, appellant offered the names of the landscapers as her expert witnesses and defended the need to present their testimony. Appellant admitted the landscapers "may offer testimony regarding the effects of Defendants' destruction of trees and limbs, the damages done to Plaintiffs' property, and the costs to repair and/or replace the property damaged." (Plaintiff's Disclosure of Expert Witnesses, p. 1). Appellant consistently referred to them as experts in her Memorandum In Opposition To Defendant Hillman's Motion To Exclude Plaintiffs' Expert Witness(es), she conceded that their testimony "may be necessary to explain the options to ameliorate the damages Plaintiffs suffered" *Id.* at p. 2 and she concluded that "This explanation of the experts' potential testimony, combined with Hillman's receipt of all cost estimates, satisfies the disclosure requirements of Local Rule 26.03" regarding disclosure of experts and their opinions. *Id.* at p. 3. She argued that "justice requires the Court to permit Plaintiffs to call expert witnesses at trial" and that "[p]resuming that the testimony at issue is in fact expert testimony, such testimony will be crucial for the jury at trial." *Id.* at p. 4.

**{¶29}** I would find that appellant's argument that these experts would be crucial for the jury's understanding of the options presented by the experts to replace the screen

allegedly damaged by the appellees is supported by the record and her attempt to discount the need for expert testimony is refuted by the proposals she attached to the pleadings. Appellant has submitted restoration estimates that range from $24,000.00 to over $100,000.00. One proposal involves the removal of twenty-four existing trees without explanation, and one proposal describes planting new trees, but does not address removal of existing trees. The plans also differ regarding the type of tree used, one suggesting white pine, another Norway spruce and another simply "evergreen" without any indication as to the reasons for the differences. A care plan for the proposed white pines is estimated to cost over $10,000.00 while the cost of maintaining six foot evergreens will be $42,623.77. I would find that the complexity of comparing the options and measuring the reasonableness and necessity of the restoration costs is emphasized by the wide range of options that are presented by appellant and would conclude, therefore, that this issue is beyond ordinary knowledge and experience of layman.

{¶30} I would find that the undisputed facts in this case present questions regarding the reasonableness and necessity of costs that are far beyond the knowledge of a layperson. While the majority characterizes this as replacement of common trees, the estimates include several options and different costs that will require explanation of an expert arborist before the jury can understand and evaluate the reasonableness of the proposal. I must respectfully disagree with the majority's conclusion that a layperson will have the knowledge, training or experience to evaluate the reasonableness of the necessity and cost of removing some or all of the current trees, then planting and maintaining seventy evergreen, White Pines or Norway Spruce.

{¶31} While I acknowledge that ""[e]xpert testimony is not always required to establish the necessity of repairs or the reasonableness of the costs incurred to repair

such" *McCoy v. Good*, 2d Dist. No. 06–CA–34, 2007-Ohio-327, 2007 WL 196551, ¶ 21 as quoted in *Evans Landscaping, Inc. v. Stenger*, 1st Dist. No. C-110104, 2011-Ohio-6033, 969 N.E.2d 1264, ¶ 24, the courts in the cases that excuse the presentation of expert witnesses do so only after concluding that the plaintiff had presented other evidence of the reasonableness of the claimed damages.   *Reynolds v. Bauer*, <u>2nd Dist. Montgomery No. 21179, 2006-Ohio-2912</u> and *Evans Landscaping, supra,* consider the evidence that the repairs were completed, costs paid and other evidence that the costs were reasonable. "[T]he amount the Stengers spent to repair the pond, $24,990, is not out of proportion to the $20,000–to–$25,000 estimate that Evans gave to the Stengers initially to construct the pond." *Evans, supra* at ¶ 27. "Reynolds testified regarding the value of her personal and real property before and after the water damage. She also submitted invoices reciting the costs incurred in repairing her house, and testified that she could not complete the restoration because she ran out of money." *Reynolds, supra* at ¶ 13; "The realtor for the Goods testified that the termite damage was severe. *** Lynn McCoy testified that approximately $35,000 was spent over five years to repair the termite damage. *** Terry McCoy testified that $36,000 was spent to repair the termite damage. *** The Goods did not object at trial that the evidence was inadmissible for that purpose because the witnesses were incompetent to offer it and that expert testimony was instead required. *McCoy supra* at ¶ 22-23.

**{¶32}** Appellant has provided no evidence of costs paid or the reasonableness of the amount of damages she has claimed.

**{¶33}** Appellant submitted the names of the landscapers as her experts in recognition of need to present this information to the jury, and it is evident from that these landscapers must be considered experts who will offer information they "acquired either

by study of recognized authorities on the subject or by practical experience that he or she can impart to the trier of fact." *Vermett v. Fred Christen & Sons Co.*, 138 Ohio App.3d 586, 606, 741 N.E.2d 954, 968 (6th Dist.2000).

{¶34} I would hold that in the context of this case and the undisputed facts, a layperson would not be able to evaluate the necessity and reasonableness of the costs of the restoration of the screen between the properties without expert assistance. I would also hold that the landscapers are experts, that the trial court correctly excluded the experts and granted summary judgment because the appellant would be unable to prove damages without these experts.

{¶35} For those reasons, I respectfully dissent.

**[Cite as *Perini v. Hillman*, 2021-Ohio-20.]**