[Cite as *Ditech Fin., L.L.C. v. Bishop*, 2021-Ohio-2175.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DITECH FINANCIAL LLC fka | : | JUDGES: |
| GREEN TREE SERVICING LLC | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff - Appellee | : | Hon. John W. Wise J. |
| | : | |
| -vs- | : | |
| | : | |
| DWIGHT W. BISHOP, et al., | : | Case No. 2020 CA 00032 |
| | : | |
| Defendant - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Fairfield County
Court of Common Pleas, Case No.
19CV158

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       June 25, 2021

APPEARANCES:

For Plaintiff-Appellee       For Defendants-Appellants

DARRYL E. GORMLEY       BRUCE M. BROYLES
Reimer Law Co.       134 North Columbus Street
30455 Solon Rd.       Lancaster, Ohio 43130
Solon, Ohio 44139

*Baldwin, J.*

**{¶1}** Appellant Dwight Bishop appeals the decision of the Fairfield County Court of Common Pleas granting appellee's motion for summary judgment and ordering foreclosure of the mortgage. Appellee is substitute plaintiff/appellee, NewRez, LLC dba Shellpoint Mortgage Servicing. (NewRez).

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellant, Dwight Bishop, executed a promissory note and mortgage with a predecessor of appellee, NewRez. Appellee claims that Bishop violated the terms of the note and mortgage and its predecessor filed a complaint seeking foreclosure. Appellee moved for summary judgment at the close of pleadings and Bishop opposed the motion. The trial court granted the motion and ordered foreclosure of the mortgage over Bishop's opposition.

**{¶3}** Dwight Bishop signed a promissory note promising to pay $76,500 and executed a mortgage pledging the real property at 229 E Wheeling St., Lancaster, Ohio as security on January 5, 2005. Ditech Financial, predecessor of NewRez, filed a "Complaint for Foreclosure" on February 28, 2019 alleging Bishop had defaulted and that the balance of the note, $62,095.86 plus interest, was due. Ditech also alleged that the conditions of the mortgage were broken by default in payment and that the same had become absolute.

**{¶4}** Bishop claimed in his answer that Ditech had failed to fulfill conditions precedent to the acceleration of the debt and filing of foreclosure, specifically contending that Ditech had failed to comply with requirements regarding notices of default and

acceleration of the debt.  Bishop also alleged that Ditech lacked standing as a result of a faulty chain of title underlying the note and mortgage.

**{¶5}** Ditech filed an amended complaint adding a request for declaratory judgment regarding the validity of a loan modification agreement. Bishop's answer to the amended complaint added an affirmative defense that Ditech failed to comply with HUD regulation 24 C.F.R. 203.604(b).

**{¶6}** At the close of pleadings, Ditech delivered the promissory note and assigned the mortgage to NewRez, LLC dba Shellpoint Mortgage Servicing. (NewRez). Ditech filed a motion pursuant to Civ. R. 17 to substitute NewRez as the plaintiff in the case below and the trial court granted the motion,

**{¶7}** On February 28, 2020 NewRez moved for default against the unknown spouse of Dwight Bishop and moved for summary judgment with an affidavit completed by Mark Kerns, foreclosure specialist for appellee.  Attached to the affidavit were documents identified by affiant as relevant to his testimony. The trial court set a non-oral hearing date for March 31, 2020, but on March 30, 2020, Bishop requested leave to file a memorandum contra *instanter* citing the order of the Governor of Ohio regarding the pandemic and the need to work from home as the cause of the delinquent filing. The trial court granted the motion and allowed NewRez seven days to reply.

**{¶8}** NewRez filed a motion for leave to file a supplemental affidavit on April 8, 2020 and that motion was granted on April 28, 2020 with the affidavit filed the same day. NewRez filed their reply to Bishop's Memorandum Contra on April 8, 2020 and Bishop filed a Memorandum Contra the Motion for Summary Judgment and the Reply on April 27, 2020.  NewRez was granted leave to file a sur-reply and did so on May 8, 2020.

**{¶9}** The trial court found for NewRez and held:

the uncontested evidence of record leaves no genuine issue of material fact as to whether Defendant defaulted under the terms of the parties' agreements and that Plaintiff is due the sum of S62,095.86 plus interest from September 1,2018 as a result.

For these reasons, the Court finds no genuine issue of material fact remains as to any of the elements outlined above in Wachovia Bank, and that Plaintiff is entitled to judgment in its favor pursuant to Rule 56 of the Ohio Rules of Civil Procedure.

**{¶10}** The trial court ordered the property sold and appellant filed a timely appeal and submitted one assignment of error:

**{¶11}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT THE REMAINED IN DISPUTE."

### STANDARD OF REVIEW

**{¶12}** We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) as cited in *State v. Standen,* 173 Ohio App.3d 324, 2007-Ohio-5477, 878 N.E.2d 657, ¶ 7 (9th Dist.). "Thus, viewing the pleadings in the light most favorable to the [appellant], we

must determine whether [appellee] was entitled to judgment as a matter of law." Civ.R. 56(C). *Troyer v. Janis,* 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 6. "[W]e afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.,* 8th Dist. No. 97514, 2012-Ohio-3451, 977 N.E.2d 122, ¶ 13.

### ANALYSIS

**{¶13}** In his appellate brief, Bishop contends that the trial court erred by granting summary judgment because NewRez's predecessor in interest did not establish that it was in possession of the original note when the complaint was filed and because the record contains insufficient evidence to establish that the condition precedent of sending notice of default acceleration was fulfilled. We note that Bishop mentions other issues within his statement of the case, but he expressly limits his argument to these two issues, so our review is likewise limited.

**{¶14}** NewRez relies on affidavits of two individuals, Mark Kerns and Krystyn E. Maple, in support of its motion for summary judgment. We reviewed the affidavits for the necessary evidentiary quality material using the template we described in *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶¶ 40-57. Both affiants confirm they are of age and competent to testify. Both confirm they are employed by NewRez, Maple as a "Foreclosure Supervisor" and Kerns as a "Foreclosure Specialist." Their job responsibilities include "reviewing the internal record-keeping systems of NewRez; reviewing the loan documents; ensuring completeness and accuracy of the loan documents and loan histories" and both assert they have "personal knowledge of the business records maintained by NewRez for the purpose of servicing

mortgage loans." Both state the records "include loan document,(SIC) data compilations, electronically imaged documents, and others [that] are made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with person knowledge, [and are] kept in the course of NewRez's regularly conducted business activities, and created by NewRez as a regular practice."

{¶15} Both traced the transfer of the records from the prior loan servicer and indicated that they were employees of that former servicer and that they personally examined the business records they described in their affidavit and that the affidavit was based upon their review of the records.

{¶16} Kerns listed the following documents as records he reviewed and relied upon for the statements he made in the affidavit and he confirmed that true and accurate copies of the documents were attached to his affidavit:

- The Note (Exhibit "A-1");

- Note Possession Statement (Exhibit "A-2");

- Loan Modification Agreement (Exhibit "A-3");

- Mortgage (Exhibit "A-4");

- Assignment of Mortgage from MERS as a nominee for Fairfield Mortgage Co. to CitiMortgage, Inc. (Exhibit "A-5");

- Assignment of Mortgage from CitiMortgage, Inc. to Green Tree Servicing LLC, (Exhibit "A-6");

- Merger Documents for NewRez Financial LLC fka Green Tree Servicing, LLC (Exhibit "A-7");

- Assignment of Mortgage from NewRez Financial LLC fka Green Tree Servicing LLC to NewRez, LLC d/b/a Shellpoint Mortgage Servicing (Exhibit "A-8");

- Power of Attorney from NewRez Financial LLC to NewRez, LLC d/b/a Shellpoint Mortgage Servicing (Exhibit "A-9);

- Notice of Default Letter (Exhibit "A-10");

- Borrower Payment History (Exhibit "A-11").

**{¶17}** Kerns confirms that "Ditech Financial LLC fka Green Tree Servicing LLC was in possession of the original blank indorsed Note from June 16, 2014 until it transferred the original blank indorsed Note to NewRez" and that "NewRez is the current holder of the Note and remains in possession of the original blank indorsed Note to date."

**{¶18}** Kerns next traced the path of the mortgage from MERS, a nominee for Fairfield Mortgage Company, to NewRez, LLC and confirmed the execution of a loan modification agreement on February 6, 2018. He stated that the records show that the Bishop failed to make payment and that the acceleration option provided in the documents was exercised and the unpaid balance was due. He confirmed that a notice of default and acceleration was mailed to Bishop at 303 E. Wheeling Street, Lancaster, Ohio on November 30, 2018 and that the notice contained all the required information. He concluded his affidavit by describing the amount due and identifying the attached payment history.

**{¶19}** Maple's affidavit added the identification of a second notice of default and acceleration, identical to the document letter by Kerns in content and mailing date, but

with a different address for Bishop, 229 E Wheeling St., Lancaster, Ohio, the property address.

{¶20} Bishop interprets the Note Possession Statement as indicating that the note is not in possession of NewRez but instead held by a custodian, but Kerns affidavit provides positive evidence that Ditech, the entity that filed the complaint was in possession of the note when the complaint was filed and that its successor, NewRez, now possesses the note. Even if the note was in the physical possession of a custodian, "[a] custodian acting on behalf of appellee does not destroy appellee's status as holder of the note. *Freedom Mtge. Corp. v. Vitale,* 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549, ¶ 16. Bishop relies upon the text of the Note Possession Statement, but has offered no evidence that can be considered in the context of a motion for summary judgment that contradicts the statements made by Kerns within his affidavit.

{¶21} Bishop also contends that the notice of default attached to the motion for summary judgment was void as it was directed to the wrong address. The Kerns and Maple Affidavits identify two identical letters providing notice of default and acceleration, both sent on November 30, 2018, the first to 303 E Wheeling St., Lancaster, Ohio and the second to the Property Address, 229 E Wheeling St., Lancaster, Ohio. Bishop offers no authority or argument supporting his contention that the process followed by NewRez's predecessor was a violation of the terms of the note or mortgage warranting a dismissal of the motion. [1]

---

[1] Though this information was not available for consideration by the trial court for the determination of the summary judgment motion, Bishop admitted in affidavit filed with the trial court in December 2020 that he remembered receiving letters from NewRez at the end of 2018 or beginning of 2019. He attached a copy of a letter he identified as received from NewRez and that letter is the notice of acceleration and default identified

**{¶22}** In *Wachovia,* we drafted a list of the necessary materials to support a motion for summary judgment in a foreclosure actions and we find that NewRez and its predecessors have fulfilled those requirements.  The affiants have demonstrated they are competent to testify and that they have personal knowledge of the facts.  They had access to the records, confirmed that the documents attached to the affidavit were true copies of the records in the possession of NewRez and that those records included the note and mortgage at issue.  The Kerns affidavit lists the chain of assignments and transfers of the note and the mortgage and the Kerns and Maple affidavit provide evidence that the conditions precedent to enforcement, in this case the notice of default and acceleration, were satisfied when the notices were delivered to the address of the property and a second address.  The Kerns affidavit confirms that Bishop is in default and provides the amount of principal and interest due.

**{¶23}** The affiants confirm they are familiar with the compiling and retrieval of the records and that the records are compiled at or near the occurrence of each event by persons with knowledge of the event.  The records referenced by the affiants are attached to the affidavits and based upon their personal knowledge of the records, they confirm that all the records are authentic.

**{¶24}** NewRez has provided support for its motion for summary judgment by fulfilling the requirements set out in *Wachovia.* Bishop provides no contradictory evidence that might be considered in the context of Civ.R 56, but attacks the credibility of the

---

in the Maple affidavit offered by NewRez, addressed to 229 E Wheeling St.  A second letter attached to the Bishop affidavit, captioned Annual Escrow Disclosure Statement is addressed to Bishop at 303 E Wheeling St.  The fact that Bishop received both letters and forwarded them to his attorney not only undermines his argument regarding the error in the notice, but also raises questions regarding the basis for the argument.

affiants and concludes that the fact that Ditech delivered two notices of default and acceleration is a fatal defect in the appellee's claim.  Generally, in the context of a motion for summary judgment, the credibility of a witness is not at issue and this case provides no exception to that rule.  NewRez has provided evidentiary quality materials supporting its motion and Bishop has provided nothing to refute that evidence.  And the contention that the delivery of two letters of default is evidence of a defect fatal to NewRez's claim is not supported by the evidence or any relevant precedent.

**{¶25}** Considering the record and the arguments of the parties, we find that no genuine issues as to any material fact remain to be litigated, appellee is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of Bishop, and that conclusion is adverse to him. The trial court properly granted summary judgment in this case.

**{¶26}** Bishop's assignment of error is denied and the decision of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

J. Wise, J. concur.