[Cite as *Gillig v. Flenner*, 2022-Ohio-2635.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARK E. GILLIG, et al., | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiffs- Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOHN LEE FLENNER, et al., | : | Case No. 2021 CA 0078 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2019 CV 914

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            August 1, 2022

APPEARANCES:

For Plaintiffs-Appellants                For Defendants-Appellees

THOMAS D. WHITE                          JAMES M. RICHARD
KATHERINE M.K. KIMBLE                    Richard Law Office LLC
ROBERT M. BARGA                          127 East Liberty Street, Suite 100
Eques, Inc.                              PO Box 1207
5989 County Road 77                      Wooster, Ohio 44691
Millersburg, Ohio 44654

*Baldwin, J.*

**{¶1}** Plaintiffs-appellants Mark E. Gillig and H and M Farms, LLC appeal from the May 17, 2021 Judgment Entry of the Richland County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Both appellants and appellees have the same immediate predecessors in interest, the Estate of Richard A. Flenner. The subject property was subject to certain oil and gas leases providing for 300,000 mcf of free gas per year for one residence on the leased property.

**{¶3}** In September of 2019, the property was subsequently divided into parcels and sold at auction. At the auction, appellant Mark E. Gillig, on behalf of appellant H and M Farms, purchased a 50-acre parcel for the price of $325,000.00. The parcel was part of a 210-acre farm. The property, which was advertised as having free gas, was placed in the name of appellant H and M Farms, LLC, who is the current title holder. Such parcel contains the residence that historically received the free gas. At the auction, appellees John Lee Flenner, Robert James Flenner, Richard Steven Flenner and Catherine M. Flenner (hereinafter appellees) purchased an adjacent 160 acres containing a gas meter from which the natural gas service line runs. Appellants and appellees purchased the properties "as is" at the time of the public auction. Appellants received a title report disclosing all easements and leases of record at the time of the public sale and prior to the closing.

**{¶4}** After the auction, a dispute arose between the parties as to whether or not appellants had the right to access a meter on appellees' parcel to continue to receive free gas. After the sale but before the closing of the real estate transaction, Gillig's attorney

sent a letter to John S. Dilts, who served as trustee for the entire farm that was sold at auction, on October 15, 2019. The letter provided as follows:

> The supply line to this parcel crosses parcel 018-14-118-16-000. Any deed on that parcel must state that my client has an easement over the existing gas line along with reasonable easement to repair, replace and inspect said line. Pursuant to our telephone conversation today you indicated there are 3 dwellings that are getting free gas. We believe one of these dwellings was on a separate parcel and lease. The other parcel has a pay meter. My client is prepared to close on the property once these concerns are met.

**{¶5}** Appellant Gillig proceeded to the closing of the real estate transaction on November 12, 2019 without requiring the language that he requested be included in the deed.

**{¶6}** On December 23, 2019, appellants filed a complaint against appellees. Appellants, in their complaint, alleged that there was a gas line that furnished natural gas to their property which was located on what was then appellees' property and that appellees had notice of the same. Appellants asserted that they had an implied easement for an existing gas line access and that they had a right-of-way by necessity. Appellants sought a permanent right-of-way over appellees' property and an easement over appellees' property for maintenance and repair of the existing gas lines. Appellees filed an answer and counterclaim on February 18, 2020. Appellees set forth a claim for declaratory relief, a claim to quiet title to appellee's property and a claim for monetary damages. Appellees, on the same date, filed a Motion to Dismiss pursuant to Civ.R. 12(B)(7) and 19(B), alleging that appellants had failed to join additional necessary parties. Appellees alleged as follows:

**{¶7}** "For cause, Flenner asserts that Gillig have (sic) failed to join additional parties necessary for adjudication of this matter in violation of Civ.R. 19(B) and Civ.R.

12(B)(7). Flenner submits that the claims of Gillig are intertwined with the action and conduct of the third parties; i.e. Charles Whatman, Whatman Realtors & Auctioneers, any other auctioneer utilized by Charles Whatman and Whatman Realtors & Auctioneers at the public sale held on September 28, 2019, Columbia Gas Transmission Corporation, its predecessors, successors and assigns, and Mary Margaret Eilenfield, the former spouse of Mark E. Gillig."

{¶8}    Appellants filed a reply to the counterclaim on March 13, 2020.

{¶9}    On March 13, 2020, appellants filed a memorandum in opposition to the Motion to Dismiss. Appellant, in their memorandum, asserted that their sole prayer for relief was a demand for a permanent right-of-way over appellees' property for a gas line and not a demand for free gas. They asserted that "[t]here was no connection with Columbia Gas and a gas allotment" and that Columbia Gas was not a necessary party.

{¶10} An oral hearing before a Magistrate was held on March 13, 2020. The Magistrate, in a Decision filed on December 16, 2020, recommended dismissal of the complaint. After no objections were filed, the trial court, pursuant to a Judgment Entry filed on January 22, 2021, approved and adopted the Magistrate's Decision. No appeal from such Judgment Entry was taken.

{¶11} Thereafter, on January 29, 2021, appellees filed a Motion for Partial Summary Judgment on all claims set forth in their counterclaim except for the claim for damages. Appellees asked for summary judgment on the declaratory relief and quiet title causes of action to be granted, reserving the damages cause of action for trial. Appellees specifically argued that a merger-by-deed standard applied to this matter. On March 24, 2021, appellants filed a memorandum in opposition to the motion, arguing that there was

a genuine issue of material fact regarding whether or not there was a covenant running with the surface rights of the parties for appellants to use and access their free gas. Appellees filed a reply brief on April 22, 2021.

{¶12} Pursuant to a Judgment Entry filed on May 17, 2021, the trial court granted the Motion for Partial Summary Judgment. The trial court, in its Judgment Entry, stated that the remaining claims for damages asserted by appellees in their counterclaim shall proceed to trial. Appellees, on May 20, 2021, dismissed Count Four of their counterclaim which sought damages.

{¶13} Appellant then filed a Notice of Appeal from the trial court's May 17, 2021 Judgment Entry. This Court, via a Judgment Entry filed on July 6, 2021 dismissed the appeal, finding that there was not a final appealable order since the issue of attorney fees remained pending.

{¶14} On August 6, 2021, appellants filed a Motion for Summary Judgment on Attorney's Fees. Appellees filed a memorandum in opposition to the same on September 9, 2021. Appellants filed a response on September 20, 2021. As memorialized in a Judgment Entry filed on October 4, 2021, the trial court granted appellants' Motion for Summary Judgment on Attorney's Fees.

{¶15} Appellants now appeal, raising the following assignments of error on appeal;

{¶16} "I. THE TRIAL COURT ERRED IN FAILING TO RESOLVE THE EXISTENCE OF A COVENANT RUNNING WITH THE LAND WHILE RULING ON A MOTION FOR SUMMARY JUDGMENT."

**{¶17}** "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN A MATTER IN WHICH THERE WAS GENUINE DISPUTE ON THE ISSUE OF MATERIAL FACT UPON WHICH THERE WAS NO EXISTING RESOLUTION, SPECIFICALLY THE EXISTENCE OF A COVENANT FOR FREE GAS RUNNING WITH THE SURFACE RIGHTS OF APPELLANTS' PROPERTY, ENCUMBERING THE ADJACENT APPELLEES' PROPERTY, WHICH WAS NOT ADDRESSED BY THE TRIAL COURT."

I, II

**{¶18}** Appellants, in their two assignments of error, argue that the trial court erred in granting partial summary judgment in favor of appellees on their counterclaims. We disagree.

**{¶19}** We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) as quoted in *State v. Standen,* 9th Dist., 173 Ohio App.3d 324, 2007-Ohio-5477, 878 N.E.2d 657, ¶ 7. "Thus, viewing the pleadings in the light most favorable to the [appellant], we must determine whether [appellee] was entitled to judgment as a matter of law." Civ.R. 56(C). *Troyer v. Janis,* 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 6. "[W]e afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.,* 2012-Ohio-3451, 977 N.E.2d 122, ¶ 13 (8th Dist.).

{¶20} Appellants specifically argue that the trial court erred in granting summary judgment in favor of appellees on their counterclaims because they presented a valid dispute to the trial court in their memorandum in opposition to the Motion for Partial Summary Judgment. Appellants contend that there is a genuine issue of material fact regarding whether there is a covenant running with the surface rights of the parties for appellants' free gas use, and how this would encumber appellees' parcel.

{¶21} Under Ohio law, a free gas clause is construed as a covenant running with the surface ownership of the leasehold tract unless a contrary intention appears in the wording of the instrument. *Stapleton v. Columbia Gas Transmission Corp.*, 2 Ohio App.3d 15, 440 N.E.2d 575 (4th Dist.1981).

{¶22} The trial court, in granting summary judgment on appellees' counterclaims, implicitly found that no such covenant existed. The trial court found that appellants had failed to produce any evidence supporting the defenses set forth in their counterclaims. We agree.

{¶23} Appellants, in their memorandum in opposition to the Motion for Partial Summary Judgment, attached the affidavit of appellant Mark Gillig. Gillig, in his affidavit, stated as follows:

{¶24} 1. I have personal knowledge of the matters related to the instant lawsuit.

{¶25} 2. I am one of the Plaintiffs in this action.

{¶26} 3. The attached leases cover the parties' parcels and are still in full force and effect. The attached deed is the vesting deed for Plaintiffs' parcel and contains no reservation for free gas use or access.

**{¶27}** 4. The residence on Plaintiffs'' parcel is the historical residence that received free gas. The meter that served the residence on Plaintiffs' parcel is located on Defendants' parcel. A service gas line connects the residence with the meter.

**{¶28}** We concur with appellees that the affidavit does not affirmatively demonstrate that Gillig is competent to testify to the matters stated in his affidavit. Moreover, appellants have not submitted any supporting evidence justifying the claims set forth in his affidavit. No sworn or certified copies of the materials referenced in his affidavit were attached to or served with the affidavit as required by Civ.R. 56(E) . Civ.R. 56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit with a statement contained in the affidavit that the copies are true and accurate reproductions. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981). Appellants did not meet such requirement.

**{¶29}** Based on the foregoing, we find that the trial court did not err in granting partial summary judgment in favor of appellees.

**{¶30}** Appellants' two assignments of error are, therefore, overruled.

{¶31} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Delaney, J. concur.